IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-244-FL-1
NO. 5:17-CV-372-FL

| | |
|---|---|
| TORELL HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 33), and respondent's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 37).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., conducted an evidentiary hearing and entered a memorandum and recommendation (M&R), wherein it is recommended that the court deny petitioner's motion and allow respondent's motion (DE 58). Petitioner filed several objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion, allows respondent's motion, and denies a certificate of appealability.

## BACKGROUND

On September 27, 2016, petitioner was indicted for one count of conspiracy to possess with

---

[1] Also pending before the court is petitioner's "motion for leave to file formal amendment to the M&R" (DE 63). The court construes petitioner's motion as a request to for leave to file additional objections to the M&R, and ALLOWS the motion.

intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. With the benefit of a plea agreement, petitioner pleaded guilty to the charge at hearing November 15, 2016. (Transcript of Plea Hearing ("Plea Tr.") (DE 43)). On March 8, 2017, petitioner was sentenced to 60 months in prison, to be served consecutively to the term imposed in a prior proceeding. (Judgment (DE 27)). Defendant did not appeal his conviction.

Petitioner was represented by Soyna Allen ("defense counsel"), an assistant federal public defender, at his arraignment and sentencing. On July 24, 2017, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims defense counsel violated his Sixth Amendment right to counsel by providing ineffective assistance during his case.

The court referred petitioner's motion to the magistrate judge for M&R. The magistrate judge conducted an evidentiary hearing on April 9, 2018. (Transcript of § 2255 Hearing ("§ 2255 Tr.") (DE 56). The magistrate judge heard testimony from petitioner and defense counsel, and considered documentary evidence. Following hearing, the magistrate judge recommended denying petitioner's claims on the merits, based on findings of fact and determinations of law set forth in the M&R. Petitioner filed objections to the M&R.

## DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

2

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner seeks § 2255 relief for ineffective assistance of counsel. To sustain an ineffective assistance of counsel claim, petitioner must demonstrate defense counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that defense counsel's deficient performance prejudiced petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Petitioner raises two grounds for his ineffective assistance of counsel claim: 1) defense counsel should have challenged

3

the basis for his guilty plea, and 2) that defense counsel should have appealed his conviction. The court addresses each ground for relief below.

    1.        Basis for Conviction

In evaluating allegations of deficiency, "[c]ourts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." Merzbacher, 706 F.3d at 363 (4th Cir. 2013) (internal quotation marks and citations omitted). To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[P]etitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir.2012).

Petitioner pleaded guilty to one count of conspiracy, which requires the government to prove "(1) an agreement to possess [] cocaine with intent to distribute between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy." United States v. Allen, 716 F.3d 98, 103 (4th Cir. 2013). Petitioner testifies counsel should have objected to the factual basis for his guilty plea because he could not conspire with the government agent, and thus two or more persons did not conspire to possess the drugs. (See § 2255 Tr. (DE 56) 11:20-12:25); United States v. Lewis, 53 F.3d 29, 33 (4th Cir. 1995). Petitioner's argument misapplies the law to the facts of his case.

4

"[T]he focus of a conspiracy charge is the agreement to violate the law, not whether the conspirators have worked out the details of their confederated criminal undertakings . . . . [T]here need only be proof the conspirators agreed to jointly undertake prohibited conduct, not to do so with a specific drug amount in mind." United States v. Mills, 995 F.2d 480, 484 (4th Cir. 1993). "[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." Allen, 716 F.3d at 103. In fact, conspirators need only have "tacit or mutual understanding" of the "essential object" of the conspiracy. United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011).

The government made clear in open court that it was not charging defendant for conspiring with the government agent that sold defendant the sham cocaine. The government expressly identified Charlie Harris, the person who drove defendant to the drug transaction, as defendant's coconspirator. (Plea Tr. (DE 43) 21:13-14). The government then proceeded to describe the circumstances demonstrating that Harris conspired with defendant. Harris said that defendant wanted him to drive in exchange for one ounce of cocaine, that he knew defendant was engaged in a drug transaction, though he was not sure of the amount. (Plea Tr. (DE 43) 22:14-19). Additionally, the government asserted that it found 606.8 grams of cocaine concealed on Harris' person, and drug paraphernalia the car with Harris and defendant. (Plea Tr. (DE 43) 22:5-13). Knowing this, defendant expressly stated in open court that he heard and understood the criminal conduct articulated by the prosecutor, and declined to tell counsel or the court that anything in the factual basis was inaccurate. (Plea Tr. (DE 43) 22:25-23:6). Therefore, counsel's performance was not deficient because the objection petitioner claims was crucial could not defeat the factual basis for the guilty plea — that he had conspired with Harris. Alternatively, petitioner's failure to raise

5

the issue that Harris did not conspire with him at his arraignment defeats any showing of a reasonable probability that petitioner would have rejected his plea bargain.

Almost one and a half years after his guilty plea, the government asked petitioner whether somebody took him to get the drugs, and defendant responded "yes." (§ 2255 Tr. (DE 56) 25:2-4). Again confronted with the fact that he had conspired with Harris to transport him to the drug transaction, petitioner testified that Harris "had nothing to do with" the drug transaction and "[Harris] didn't know what was going on, period." (See § 2255 Tr. (DE 56) 25:5-12). The court cannot credit this self-serving testimony as reliable, especially where defendant was made aware of the factual basis for his guilty plea at arraignment and chose not to object.

Additionally, defendant does not indicate that he ever expressed to defense counsel that Harris "had nothing to do with" the drug transaction, only that he did not conspire with the government agent who sold him the drugs. (See § 2255 Tr. (DE 56) 11:20-12:25). Even if defendant had told defense counsel he believed Harris had nothing to do with the drug transaction, counsel's advice to accept the plea bargain to avoid enhancement under 21 U.S.C. § 851 would remain within an objective standard of reasonableness. (See § 2255 Tr. (DE 56) 36:9-19).

For these reasons, the court rejects plaintiff's first ground for relief in his § 2255 petition.

2. Appeal

"In the absence of a direct instruction from the defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon whether counsel in fact consulted with the defendant about an appeal." Hudson v. Hunt, 235 F.3d 892, 896 (4th Cir. 2000) (internal quotations omitted) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)). "If counsel

6

has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal." Hudson, 235 F.3d at 896.

Petitioner testified defense counsel has "talked to [him] about appeal." (§ 2255 Tr. (DE 56) 26:20). The remaining question is whether petitioner instructed counsel to file an appeal. Petitioner testified he explicitly directed defense counsel to file an appeal, while defense counsel testified plaintiff instructed he did not want to file an appeal. (See § 2255 Tr. (DE 56) 19:8-11, 34:3-12, 34:22-35:8).

In assessing the credibility of witnesses, the court properly may consider "variations in demeanor and tone of voice," Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985), as well as documents and objective evidence that may contradict a witness' testimony or reveal inconsistencies. Id.; see also United States v. Marcavage, 609 F.3d 264, 281 (3d Cir. 2010). Additional considerations may include the witness' motive to lie and the specificity of a witness' statements. See United States v. Wilson, 624 F.3d 640, 665 (4th Cir. 2010).

Upon de novo review of the record, the court concludes that the magistrate judge correctly credited defense counsel's testimony. Defense counsel was specific in her testimony that petitioner never directed her to appeal his conviction. (§ 2255 Tr. (DE 34) 34:18-25). She is a seasoned defense attorney who followed appropriate standard practices concerning discussion of plea agreements and appeal. (See § 2255 Tr. (DE 56) 32:6-17, 37:14-24, 44:1-6). She wrote a memo immediately after sentencing based on contemporaneous notes documenting her discussions with petitioner, including that he did not wish to file an appeal. (See § 2255 Tr. (DE 56) 32:18-34:12). Despite making herself available to petitioner through mail, voicemail, and email, petitioner never testified he took advantage of any of these means of communication to direct defense counsel to file

an appeal. (See § 2255 Tr. (DE 56) 19:22-20:1, 20:22-21:2, 21:7-9, 42:1-12, 42:24-43:18). Defense counsel has no apparent motive to lie. See Wilson, 624 F.3d at 665. For these reasons, the court credits defense counsel's testimony and concludes petitioner never directed counsel to file an appeal.

Consequently, petitioner's second ground for relief under § 2255 fails.

C.  Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence (DE 33) is DENIED, and respondent's motion to dismiss (DE 37) is ALLOWED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge

8