UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Torell Hall** **Docket No. 5:16-CR-244-1FL**

**Petition for Action on Supervised Release**

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Torell Hall, who upon an earlier plea of guilty to Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on March 8, 2017, to the custody of the Bureau of Prisons for a term of 60 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

Torell Hall was released from custody on September 15, 2021, at which time the term of supervised release commenced.

On May 13, 2024, a Violation Report was submitted to the court advising the defendant received a citation in Wake County, North Carolina, for Possession/Consume Fortified Wine/Spirituous Liquor/Mixed Beverages Unauthorized Premises and Possess Marijuana up to ½ Ounce (24CR023257). Hall immediately contacted the undersigned officer and vehemently denied guilt. The defendant advised that he and his girlfriend were in Raleigh, and it was her bottle of alcohol. Hall further advised that his girlfriend also had CBD in the vehicle, not marijuana. It was recommended that the defendant be continued on supervision, and should a conviction occur for the marijuana offense, the court would be notified immediately with a request for appropriate action and the court agreed. This case was dismissed on June 12, 2024.

On June 10, 2024, a Violation Report was submitted to the court advising the defendant received a citation in Nash County, North Carolina, for Reckless Driving-Wanton Disregard (24CR705365). Hall immediately contacted the undersigned officer and advised of the law enforcement contact. The defendant advised he was issued a citation for going over a speed bump too fast and intends to plead not guilty during state proceedings. It was recommended that Hall be continued on supervision, and should a conviction occur, the court would be notified with a request for appropriate action, and the court agreed. This case was dismissed.

On August 28, 2024, a Petition for Action was submitted to the court advising the defendant committed the criminal offenses of Driving While Impaired and Speeding in Wake County, North Carolina (24CR387149). Hall immediately contacted the undersigned officer and admitted to consuming alcohol and speeding. The defendant advised that he was taking his mother and girlfriend home after they had consumed too much alcohol and thought he was fine to operate a motor vehicle. As a sanction for the conduct, it was recommended that the defendant be placed on 60 days curfew. Hall signed a Waiver agreeing to the modification and the court agreed.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

3. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure employment.

7. The defendant shall support his dependent(s).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: July 15, 2026

**ORDER OF THE COURT**

Considered and ordered this 30th day of July, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge